# In the United States Court of Federal Claims

No. 20-1010C

(Filed: December 3, 2020)

(NOT TO BE PUBLISHED)

_____

|  |  |
|---|---|
| **WILLIAM T. GRANT**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| **v.** | ) |
| | ) |
| **UNITED STATES**, | ) |
| | ) |
| Defendant. | ) |
| | ) |

_____

William T. Grant, *pro se*, Washington, D.C.

Anthony F. Schiavetti, Senior Trial Counsel, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for defendant.  With him on the brief were Jeffrey Bossert Clark, Acting Assistant Attorney General, Robert E. Kirschman, Jr., Director, and Eric P. Bruskin, Assistant Director, United States Department of Justice, Washington, D.C.

**OPINION AND ORDER**

LETTOW, Senior Judge.

Plaintiff William T. Grant has brought suit against the United States, seeking injunctive relief, back pay, and other damages due to an alleged violation of Title VII of the Civil Rights Act.  *See* Compl. at 3-4, ECF No. 1.  Mr. Grant alleges that the United States Department of the Navy ("the Navy") unlawfully terminated him based on his race and/or color.  *See* Compl. at 3. Pending before the court is the United States' ("the government") motion to dismiss.  *See* Def.'s Mot. to Dismiss ("Def.'s Mot."), ECF No. 7.  Mr. Grant did not file a response to the motion. Because Mr. Grant has failed to establish jurisdiction by a preponderance of the evidence, the government's motion to dismiss is GRANTED and Mr. Grant's claim is DISMISSED.

## BACKGROUND[1]

On April 4, 2016, Mr. Grant accepted a position as a GS 12-1 emergency management service specialist with the Navy. *See* Compl. at 3. Mr. Grant subsequently received a notice of termination, citing his failure to obtain a security clearance. *See* Compl. According to the complaint, a large backlog of security clearances had accumulated at the Department of Defense, and Mr. Grant's security clearance was still being processed at the time of his termination. *See* Compl. Contrary to the Navy's stated reason for his termination, Mr. Grant alleges that he was terminated "due to [his] race [and] color." Compl. at 2. Mr. Grant filed a complaint with the United States Equal Employment Opportunity Commission and requested a mediation, but the agency cancelled the mediation in November 2019. Compl. at 2.

Mr. Grant filed suit in this court on August 7, 2020, alleging that his termination violated Title VII of the Civil Rights Act of 1964. *See* Compl. at 1. Along with reinstatement to his position as an emergency management service specialist,[2] Mr. Grant seeks equitable relief in the form of an amendment to his SF-50, the removal of "all negative documents" from his "official personnel folder and all drop files maintained by all officials," and "an outstanding letter of recommendation" from the Pentagon. Compl. at 4. Mr. Grant also requests monetary relief "for emotional pain [and] suffering," back pay, attorneys' fees and costs, and reimbursements for insurance coverage, sick leave, annual leave, and "thrift savings." Compl. at 4.

## STANDARDS FOR DECISION

The Tucker Act provides this court with jurisdiction over "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). To invoke this court's Tucker Act jurisdiction, "a plaintiff must identify a separate source of substantive law that creates the right to money damages." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc in relevant part) (citing *United States v. Mitchell*, 463 U.S. 206, 216 (1983); *United States v. Testan*, 424 U.S. 392, 398 (1976)). If a plaintiff fails to raise a claim under a money-mandating provision, this court "should . . . [dismiss] for lack of subject matter jurisdiction." *Jan's Helicopter Serv., Inc. v. Federal Aviation Admin.*, 525 F.3d 1299, 1308 (Fed. Cir. 2008) (quoting *Greenlee Cnty. v. United States*, 487 F.3d 871, 876 (Fed. Cir. 2007)).

As plaintiff, Mr. Grant must establish jurisdiction by a preponderance of the evidence. *See Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011) (citing

---

[1] The recitations that follow do not constitute findings of fact, but rather are recitals attendant to the pending motions and reflect matters drawn from the complaint, the parties' briefs, and records and documents appended to the complaint and briefs.

[2] Mr. Grant alleges that he accepted a position "as a GS 12-1 . . . emergency management service specialist," Compl. at 3, but he requests "reinstatement . . . as a GS 12-2," Compl. at 4.

*Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988)).[3]  When ruling on a motion to dismiss for lack of jurisdiction, the court must "accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff." *Id.* (citing *Henke v. United States*, 60 F.3d 795, 797 (Fed. Cir. 1995)).  "If a court lacks jurisdiction to decide the merits of a case, dismissal is required as a matter of law."  *Gray v. United States*, 69 Fed. Cl. 95, 98 (2005) (citing *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1868); *Thoen v. United States*, 765 F.2d 1110, 1116 (Fed. Cir. 1985)); *see also* RCFC 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

## ANALYSIS

In its motion to dismiss, the government asserts that the court's jurisdiction "does not extend to the claims of racial discrimination that form the gravamen of Mr. Grant's complaint." Def.'s Mot. at 3.  While "Title VII of the Civil Rights Act of 1964 . . . prohibits the [g]overnment from engaging in discrimination," it is well established that "such discrimination claims are within the exclusive jurisdiction of the United States district courts, and this [c]ourt lacks jurisdiction to entertain such actions . . . ."  *Hwang v. United States*, 94 Fed. Cl. 259, 269 (2010) (citing *Dixon v. United States*, 17 Cl. Ct. 73, 77 (1989)), *aff'd*, 409 Fed. Appx. 348 (Fed. Cir. 2011); *see also Cottrell v. United States*, 42 Fed. Cl. 144, 149 (1998) ("As courts have repeatedly held, there is no Tucker Act jurisdiction in the Court of Federal Claims to entertain claims involving race, sex, and age discrimination or other claims involving civil rights violations.") (citations omitted).  In short, Mr. Grant's claim of a Title VII violation is not cognizable in this court.

Additionally, this court lacks jurisdiction to award Mr. Grant the equitable relief he seeks. While the Tucker Act authorizes the award of equitable relief that is ancillary to an award for money damages, such relief "must be 'an incident of and collateral to' a money judgment." *James v. Caldera*, 159 F.3d 573, 580 (Fed. Cir. 1998) (quoting 28 U.S.C. § 1491(a)(2)).  Here, Mr. Grant seeks reinstatement to his position as an emergency management service specialist, along with other forms of equitable relief.  While Mr. Grant also seeks damages from the Navy for, *inter alia*, back pay, his claims for equitable relief are "not . . . tied and subordinate to an award of . . . back pay" or to any of his other claims for monetary relief.  *Id.* at 581 (internal quotation marks omitted).  Therefore, the court cannot award the relief Mr. Grant requests.

---

[3] A court may "grant the *pro se* litigant leeway on procedural matters, such as pleading requirements."  *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356 (Fed. Cir. 2007) (citing *Hughes v. Rowe*, 449 U.S. 5, 15 (1980) ("An unrepresented litigant should not be punished for his failure to recognize subtle factual or legal deficiencies in his claims.")).  This leniency, however, cannot extend to lessening jurisdictional requirements.  *See Kelley v. Secretary*, *United States Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987) ("[A] court may not . . . take a liberal view of . . . jurisdictional requirement[s] and set a different rule for *pro se* litigants only.").

**CONCLUSION**

For the reasons stated, the government's motion to dismiss is GRANTED.  Mr. Grant's complaint shall be DISMISSED for lack of subject-matter jurisdiction.  The clerk shall enter judgment accordingly.

No costs.

It is so **ORDERED**.

s/ Charles F. Lettow
Charles F. Lettow
Senior Judge
